## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.   12-10155-GAO |
| | ) | |
| MICHAEL GEMMA, | ) | |
| Defendant | ) | |

### GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the United States respectfully requests that this Honorable Court, in addition to its standard charge to the jury, include the following special instructions.    Leave is requested to submit additional proposed instructions as they may become necessary.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Leah Foley
Leah Foley
Miranda Hooker
Assistant U.S. Attorneys

Date:   May  13, 2014

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s/ Miranda Hooker
Miranda Hooker
Assistant United States Attorney

Date:   May 13, 2014

1

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.    To those facts you must apply the law as I give it to you.    The determination of the law is my duty as the presiding judge in this court.    It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law.    You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.    You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

_____

**Authority:**

Pattern Jury Instructions:    First Circuit, Criminal Cases Committee on Pattern Criminal Instructions §3.01 (1998 Edition)

## <u>NATURE OF INDICTMENT – PRESUMPTION OF INNOCENCE</u>

This criminal case has been brought by the United States government.   I will sometimes refer to the government as the prosecution.   The government is represented at trial by Assistant United States Attorneys Leah Foley and Miranda Hooker.   The defendant, Michael Gemma, is represented by Charles Rankin and Kerry Haberlin.

The charges against the defendant are contained in the Indictment.   The Indictment is simply a description of the charges against him; it is not evidence of anything.   The defendant pleaded not guilty to the charges and denies committing the crimes.   The defendant is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven the defendant's guilty beyond a reasonable doubt.

_____

**Authority:**

Pattern Jury Instructions:   First Circuit, Criminal Cases Committee on Pattern Criminal Instructions §1.02 (1998)

**<u>Evidence Admitted for a Limited Purpose Only (if appropriate)</u>**

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.    You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.   Since there is no disagreement, there is no need for evidence apart from the stipulation.   You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.   In other words, you are not limited solely to what you see and hear as the witnesses testify.   You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

_____

**Authority:**

Pattern Jury Instructions:   First Circuit, Criminal Cases Committee on Pattern Criminal Instructions §3.04 (1998).

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial.    Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

You are entitled to consider both kinds of evidence.    The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

_____

**Authority:**

Pattern Jury Instructions:    First Circuit, Criminal Cases Committee on Pattern Criminal Instructions §3.05 (1998).

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence.    The lawyers are not witnesses.    What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.    If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.    Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.    You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.    You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.    You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.    This case, like most criminal cases, began with an indictment.    You will have that indictment before you in the course of your deliberations in the jury room.    That indictment was returned by a grand jury, which heard only the government's side of the case.    I caution you, as I have before, that the fact that this defendant has had an indictment filed against him is no evidence whatsoever of his guilt.    The indictment is simply an accusation.    It is the means by which the allegations and charges of the government are brought before this court.    The indictment proves nothing.

_____

**Authority:**

Pattern Jury Instructions:    First Circuit, Criminal Cases Committee on Pattern Criminal
Instructions §3.08 (1998).

# CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible.   You must decide which witnesses to believe and which facts are true.   To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

_____

**Authority:**

Pattern Jury Instructions:   First Circuit, Criminal Cases Committee on Pattern Criminal Instructions §3.06 (1998).

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

You have heard evidence that before testifying at a trial, a witness made a statement concerning the same subject matter as his or her testimony in this trial.    You may consider that earlier statement to help you decide how much of the witness's testimony to believe.    If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of the witness's testimony at this trial.

_____

**Authority:**

Pattern Jury Instructions:    First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.02 (1998 Edition)

## **"On or About"—Explained**

The indictment charges that the offenses alleged in the Indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely in or on the date charged.

### **"Unanimity"—Explained**

The indictment charges each defendant with violations of federal law.    The indictment alleges a number of separate means or methods by which each defendant is accused of violating the law.

The government is not required to prove all of the means or methods alleged in each count of the indictment.

Each juror must agree with each of the other jurors, however, that the same means or methods alleged in each count of the indictment was, in fact, engaged in or employed by the defendant in question in committing the crime charged in each count of the indictment.    The jury need not unanimously agree on each means or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the defendant in question.    Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendant in question of the crime charged in each count of the indictment.

## **Opinion Evidence—The Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.   An exception to this rule exists as to those persons who are described as "expert witnesses."   An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.   If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.   You should consider other evidence in this case.   If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

## SEX TRAFFICKING BY FORCE, FRAUD OR COERCION – 18 U.S.C. §1591

### Count One

Count One of the Indictment charges Defendant with "sex trafficking by force, fraud, or coercion."   For you to find Defendant guilty of Count One, the prosecution must prove beyond a reasonable doubt all of the following three elements:

That on or about September 15, 2011, and continuing through on or about September 20, 2011,

**First:**      The Defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means A.L.; **OR**

the Defendant  benefitted, financially or by receiving something of value, from participation in a venture engaged in commercial sex acts;

**Second:**      The Defendant knew, or recklessly disregarded the fact, that force, threats of force, fraud, coercion or any combination of such means would be sued to cause A.L. to engage in a commercial sex act.

**Third:**      The Defendant's acts were in or affecting interstate or foreign commerce.

For you to find Defendant guilty of sex trafficking by force, fraud, or coercion, as charged in the Indictment, the prosecution must prove all of the essential elements of this offense beyond a reasonable doubt.   Otherwise, you must find Defendant not guilty of this offense.

_____

**Authority:**   18 U.S.C. §1591

## SEX TRAFFICKING BY FORCE, FRAUD OR COERCION– FIRST ELEMENT

There are two different ways for the Government to satisfy the first element.    The first is by proving that the Defendant himself knowingly engaged in one of the prohibited trafficking acts; that is, recruiting, enticing, harboring, transporting, providing, obtaining or maintaining a person.   The second way is by proving that the Defendant knowingly took part in a venture that engaged in one of those trafficking activities and benefitted financially or by receiving a thing of value, from that venture.    The Government does not have to prove both ways.

In considering whether a Defendant did any of these things, you should use the ordinary, everyday definitions of these terms.   "Recruit" means to seek to enroll.   "Harbor" means to give or afford shelter to, such as in a house or other place. "Entice" means to attract, induce or lure using hope or desire.   "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply or make available.    "Obtain" means to gain possession of or acquire.    "Maintain" means to keep in a specified state.

To prove the first element of sex trafficking in the second, or alternative, way, the Government need not prove that the Defendant himself engaged in any of the trafficking activities such as recruiting, enticing, harboring, transporting, providing, or obtaining a person. The Government need only prove that there was a venture that engaged in one of those activities, that the Defendant knowingly participated in some way in that venture, and that the Defendant knowingly benefitted, financially or by receiving a thing of value, from that venture.   In considering whether the Defendant participated in such a venture, I instruct you that a venture is defined as "any group of two or more individuals associated in fact, whether or not as a legal entity."

In considering whether the Defendant knowingly engaged in any of these acts, "knowingly" means to act voluntary and intentionally and not by accident or mistake.   Whether the Defendant acted knowingly may be proven by what the Defendant said and did and by all of the surrounding fact and circumstances, since direct proof of a person's state of mind is rarely available.

_____

**Authority:**

 Smith v. United States, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning.");

Webster's New Riverside University Dictionary (Riverside Publishing Co. 1994);

18 U.S.C. § 1591 (e) (5) (defining "venture");

First Circuit Pattern Jury Instructions 2.14 (defining "knowingly").

## SEX TRAFFICKING BY FORCE, FRAUD OR COERCION – SECOND ELEMENT

The second element of sex trafficking by force, fraud, or coercion requires the Government to prove beyond a reasonable doubt that the Defendant knew, or acted with reckless disregard of the fact that force, fraud, or coercion would be used to cause a person to engage in a commercial sex act.

The term "commercial sex act" means "any sex act, on account of which anything of value is given to or received by any person."   The thing of value may be money, or it may be any other tangible or intangible thing that has some value to some person.   The person who receives the thing of value does not have to be the person performing the commercial sex act.

In considering whether force, fraud, or coercion was used, the term "force" means any form of power, violence, or physical pressure directed against another person.   The term "fraud" means any act of deception, trickery, or misrepresentation.   And the term "coercion" means "threats of serious harm to or physical restraint against any person" OR "any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person."

The term "serious harm," which I just mentioned in the definition of coercion, means "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm."

In considering whether force, fraud, or coercion would be sufficient to cause a person to engage in a commercial sex act, you may consider not only the cumulative effect of the

17

Defendant's conduct on the alleged victim but also the alleged victim's special vulnerabilities, if any.   In this regard, you may find that not all persons are of same courage or firmness.   You may consider, for example, any aspect of the alleged victim's age, background, station in life, physical or mental condition, experience, education, socioeconomic status, or any inequalities between the victim and the Defendant.   In other words, you may ask whether the alleged victim was vulnerable in some way such that Defendant's actions would have been enough to compel a reasonable person of the same background and in the same circumstances as the victim to engage in a commercial sex act.

To prove sex trafficking, the Government does not need to show a link between any specific commercial sex act and any particular threat made, or any particular action taken, by the Defendant.   Rather, it is sufficient if the Defendant's actions gave rise to a climate of fear that would compel a reasonable person in the alleged victim's situation to comply with the Defendant's demands, in light of the totality of the Defendant's conduct, the surrounding circumstances, and any vulnerabilities of the alleged victim.

The Government does not need to prove physical restraint – such as the use of chains, barbed wire, or locked doors – in order for you to find the Defendant guilty of sex trafficking by force, fraud, or coercion.   The fact that an alleged victim may have had an opportunity to leave is irrelevant if the Defendant placed her in such fear or circumstances that she did not reasonably believe she could leave.   A person who has been placed in such fear or circumstances is under no affirmative duty to try to escape.

In considering whether an alleged victim's commercial sex acts were caused by force, fraud, or coercion, the fact that an alleged victim may have initially consented or acquiesced

does not preclude the finding that the victim was thereafter compelled to engage in a commercial

sex act.   The question would be whether the alleged victim at some time later wanted to

withdraw but was then compelled by force, fraud, or coercion to remain.

Additionally, whether an alleged victim was given money, benefits, or gifts, or was able

to keep any earnings, is not determinative of whether that victim had been compelled to engage

in a commercial sex act.   In other words, you may find that an alleged victim was compelled to

engage in a commercial sex act even if she was paid or compensated in some way for the

commercial sex act.

_____

**Authority:**

*Commercial Sex Act:*

18 U.S.C. § 1591(e)(3) (defining term "commercial sex act").

*Force, Fraud, and Coercion:*

Black's Law Dictionary (2d ed. 2001) (defining force);

United States v. Chacon, 533 F.3d 250, 257 (4th Cir. 2008) ("[T]he use of force involves a degree of compulsion, it can be effected through 'power' or 'pressure' which do not necessarily have physical components.") (citing United States v. Romero-Hernandez, 505 F.3d 1082, 1088 (10th Cir. 2007));

Webster's New Riverside University Dictionary (Riverside Publishing Co. 1994) (defining fraud);

United States v. Paris, No. 03:06-CR-64, 2007 WL 3124724, at *14 (D. Conn. Oct. 24, 2007) (unreported) (holding that evidence that the defendant "induced [the victims] to work for him by promising to treat them well, pay them and supply them with drugs . . . falls within the ordinary understanding of fraud");

18 U.S.C. § 1591(e)(2) (defining coercion).

19

*Serious Harm, Harm to Third Persons, and Non-Physical Harm:*

18 U.S.C. § 1591(e)(4) ("'Serious harm' means any harm whether physical or nonphysical including psychological, financial, or reputational harm, that is sufficiently serious, under all the circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.");

United States v. Bradley, 390 F.3d 145, 150 (1st Cir. 2004) (quoting H.R. Conf. Rep. No. 106-939, at *100-01 (2000) aff'd in part and remanded in part for resentencing, 125 S. Ct. 2543 (2005); H.R. Conf. Rep. No. 106-939 at 101 (2000), 2000 WL 1479163 (Oct. 5, 2000) ("Section 1589 is intended to address the increasingly subtle methods of traffickers who place their victims in modern-day slavery, such as where traffickers threaten to harm third person, restrain their victims without physical violence or injury, or threaten dire consequences by means other than overt violence. . . .   [F]ederal prosecutors will not have to demonstrate physical harm or threats of force against victims"); id. at *100-01 (citing threats of "harm to third persons" and threats of inflicting "dire consequences by means other than overt violence");

United States v. Nnaji, No. 10–10598, 447 Fed. Appx. 558, 559 (5th Cir. Oct. 26, 2011) (unpublished) (construing 18 U.S.C. § 1589) ("Serious harm can include psychological coercion."); see also 22 U.S.C. § 7101(b)(7) (TVPA legislative purpose and findings noting that "traffickers often make representations to their victims that physical harm may occur to them or others should the victim escape or attempt to escape.   Such representations can have the same coercive effects on victims as direct threats to inflict such harm.").

*Victim's Vulnerabilities:*

United States v. Kozminski, 487 U.S. 931, 948, 952 (1988) ("The vulnerabilities of the victim are relevant in determining whether the . . . coercion or threats . . . could plausibly have compelled the victim to serve.");

United States v. Bradley, 390 F.3d 145, 150 (1st Cir. 2004) (explaining that "known objective conditions that make the victim especially vulnerable to pressure (such as youth or immigrant status) bear on whether the employee's labor was 'obtain[ed]' by forbidden means") (citations omitted);

United States v. Alzanki, 54 F.3d 994, 1002 (1st Cir. 1995) (affirming jury instruction directing consideration of whether victim "reasonably believed that she had no choice except to remain in the service of the [defendants]" and holding that "[i]t was entirely proper to instruct the jury to consider [victim's] background and experience in assessing whether her fears were reasonable");

United States v. Pipkins, 378 F.3d 1281, 1297 n.12 (11th Cir. 2004) (identifying youth as a relevant special vulnerability);

United States v. Veerapol, 312 F.3d 1128, 1131-32 (9th Cir. 2002) (explaining that in determining whether a victim's labor was obtained through coercion, jury "may consider such factors as 'evidence of other means of coercion, or of poor working conditions, or of the victim's special vulnerabilities'") (citations omitted).

*Climate of Fear:*

Alzanki, 54 F.3d at 999 (noting, in describing the facts, that "[t]he climate of fear was enhanced by [the victim's] witnessing one incident involving [her employer's] physical abuse of [his wife], and by learning from [the wife] that [the employer] struck [her] again shortly thereafter");

United States v. King, 840 F.2d 1276, 1281 (6th Cir. 1988) (force, threats, and other coercion created "pervasive climate of fear");

United States v. Warren, 772 F.2d 827, 833-34 (11th Cir. 1985) (finding "grotesque" the "use, or threatened use, of physical force to create a climate of fear");

United States v. Harris, 701 F.2d 1095, 1100 (4th Cir. 1983) (evidence that defendant beat people other than victim relevant because it contributed to a "reign of physical terror");

United States v. Booker, 655 F.2d 562, 566 (4th Cir. 1981) (assaults and threats created "climate of fear").

*Opportunity to Escape:*

Bradley, 390 F.3d at 153 (upholding jury instruction that the United States "need not prove physical restraint; such as, the use of chains, barbed wire, or locked doors, in order to establish the offense of forced labor.   The fact that [victims] may have had an opportunity to flee is not determinative of the question of forced labor if either or both of the defendants placed [victim] in such fear or circumstances that he did not reasonably believe he could leave.");

Alzanki, 54 F.3d at 1000;

Warren, 772 F.2d at 834 ("That the worker had the opportunity to escape is of no moment, if the defendant has placed him in such fear . . . that he is afraid to leave");

United States v. Djoumessi, 538 F.3d 547, 553 (6th Cir. 2008) (finding "unavailing . . . [the defendant's] contention that [the victim] necessarily remained voluntarily at his home because he never physically restrained her (in the sense of placing a lock on her door) and she never attempted to escape" because "opportunities for escape mean nothing if [the defendant] gave [the victim] reasons to fear leaving the house . . . .").

*Initial Consent Not Determinative:*

<u>Eleventh Circuit Pattern Jury Instructions</u>, Criminal Cases, No. 62 ("It makes no difference that the person initially voluntarily agreed to perform the work or service.   And it doesn't matter whether the person did the work willingly at all times.   If a person begins work willingly and later wants to stop but is forced to continue because another person uses or threatens to use some kind of coercion or restraint or cause physical injury, the service becomes involuntary.");

<u>United States v. Mussry</u>, 726 F.2d 1448, 1454 n.6 (9th Cir. 1984) ("Even though a person may come to a job voluntarily, subsequent coerced service constitutes involuntary servitude.");

<u>United States v. Bibbs</u>, 564 F.2d 1165 (5th Cir. 1977) (affirming conviction where victims initially agreed to work for defendants).

*Payment Not Determinative*:

<u>Bradley</u>, 390 F.3d at 149 (affirming forced labor conviction where victims were paid eight dollars per hour);

<u>Eleventh Circuit Pattern Jury Instructions</u>, Criminal Cases, No. 62 (2010) ("So even if a person is paid, the service is involuntary if the person is forced to work against the person's will by use of threats or coercion.").

## **RECKLESS DISREGARD OF FORCE, FRUAD OR COERCION DEFINED**

A person "recklessly disregards" a fact within the meaning of this offense when he is aware of, but consciously ignores, facts and circumstances that would reveal that force, threats of force, fraud, or coercion would be used to cause a victim to engage in a commercial sex act.   In other words, he deliberately closed his eyes to a fact that would otherwise been obvious to him. You may find that the Defendant recklessly disregarded this fact if you find beyond a reasonable doubt that the Defendant: (1) was aware of a high probability that force, threats of force, fraud, or coercion would be used to cause the victim to engage in a commercial sex act, and (2) consciously and deliberately avoided learning that fact.   However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

_____

**Authority:** 18 U.S.C. § 1591(a);

First Circuit Pattern Jury Instructions, 2.15 (2009);

United States v. Gonsalves, 435 F.3d 64, 70 (1st Cir. 2006) (Approving the following jury instruction defining "reckless disregard" in a prosecution for tampering with consumer products: "The phrase 'reckless disregard' as used in these instructions, means that the defendant *deliberately closed his eyes* to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by *deliberately ignoring* what is obvious. A finding beyond a reasonable doubt of *an intent of the defendant to avoid knowledge or enlightenment* would permit the jury to infer knowledge.").

23

## SEX TRAFFICKING BY FORCE, FRAUD OR COERCION – THIRD ELEMENT

The third element of sex trafficking by force, fraud, or coercion requires the Government to prove beyond a reasonable doubt that the Defendant's acts were either "in" interstate commerce or "affected" interstate commerce.   The Government does not have to prove both.

The term "interstate commerce" means commerce between any point in a state and any point outside the state. For example, the transportation of a person across state lines for a commercial purpose occurs "in" interstate commerce.

Acts and transactions that are economic in nature and that affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce.   The Government is not required to show that the Defendant's conduct crossed state lines to show that it "affected" interstate commerce.   Rather, if the Defendant's conduct involved the use of goods that had moved across state lines or involved means or facilities of interstate commerce, such as cellular telephones, the internet, or hotels that house out of state travelers or are part of a national or international chain, you may find that the Defendant's acts "affected" interstate commerce.

To show that the Defendant's conduct "affected" interstate commerce, it is not necessary for the Government to prove that the Defendant specifically knew or intended that his conduct would "affect" interstate commerce.   It is only necessary that the natural consequences of such conduct would be to "affect" interstate commerce in some way, even if slight or minimal.

_____

**Authority:**

First Circuit Pattern Jury Instructions, 4.18.1951 (defining in or affecting interstate commerce);

United States v. Evans, 476 F.3d 1176, 1179 (11th Cir. 2007) (holding that defendant's "conduct substantially affected commerce" based on his "use of hotels that served interstate travelers and

distribution of condoms that traveled in interstate commerce");

Pipkins, 378 F.3d at 1295 (holding that evidence that "pimps furnished their prostitutes with condoms manufactured out of state" and used instrumentalities of interstate commerce, such as pagers, telephones and mobile phones to communicate with each other while conducting business "supports a finding that the activities of the enterprise affected interstate commerce");

United States v. Gilbert, 181 F.3d 152, 158-59 (1st Cir. 1999) (intrastate use of telephone provides a sufficient basis for jurisdiction based on interstate commerce even absent evidence that the call is routed through an interstate system).

## SEX TRAFFICKING OF A CHILD
## COUNT ONE

Count One also charges Defendant with "sex trafficking of a child."    For you to find Defendant guilty of this offense, the prosecution must prove beyond a reasonable doubt all of the following three elements:

From on or about September 15, 2011, and continuing through on or about September 30, 2011,

**First:**        The Defendant knowingly recruited, enticed, harbored, transported,

provided, obtained or maintained by any means A.L.

**Second:**        That the Defendant did so knowing or in reckless disregard of the fact that

A.L. had not attained the age of 18 years and would be caused to engage

in a commercial sex act;

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

If the Government proves beyond a reasonable doubt that Defendant had a reasonable opportunity to observe A.L., then the Government does not have to prove that Defendant knew that A.L. had not attained the age of 18 years.

Whether A.L. consented to engage in a commercial sex act, or otherwise voluntarily participated, is not relevant, because the consent or voluntary participation of a minor is not a defense to this charge.

Any contention that A.L. engaged in acts of prostitution before or after her encounters with Defendant is not relevant, and should not be considered by you in any way.

AND

**Third:**        The Defendant's acts were in or affecting interstate or foreign commerce.

I have already defined for you what interstate commerce means.

26

### Reckless Disregard of a Victim's Age—Defined—Count One

The phrase "reckless disregard of the fact that an alleged victim had not attained the age of eighteen years and would be caused to engage in a commercial sex act" as used in these instructions, means that the defendant in question deliberately closed his or her eyes to what would otherwise have been obvious to him or her.   No one can avoid responsibility for a crime by deliberately ignoring what is obvious.   A finding beyond a reasonable doubt of an intent of the defendant in question to avoid knowledge or enlightenment of an alleged victim's age or that she would be caused to engage in a commercial sex act would permit the jury to infer knowledge.   Stated another way, a defendant's knowledge of a girl's age or knowledge that a girl would be caused to engage in a commercial sex act may be inferred from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any reckless disregard or deliberate closing of the eyes to an alleged victim's age and the commission of commercial sex acts, and the inferences to be drawn from any such evidence.

You may not infer that a defendant had knowledge of an alleged victim's age or that an alleged victim would engage in commercial sex acts, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

(2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 61.11 (6th ed. 2010);

United States v. Gonsalves, 435 F.3d 64, 70 (1st Cir. 2006) (Approving the following jury instruction defining "reckless disregard" in a prosecution for tampering with consumer products: "The phrase 'reckless disregard' as used in these instructions, means that the defendant *deliberately closed his eyes* to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by *deliberately ignoring* what is obvious. A finding beyond a reasonable doubt of *an intent of the defendant to avoid knowledge or enlightenment* would permit the jury to infer knowledge.").

## TRANSPORTING MINOR TO ENGAGE IN PROSTITUTION

### Count Two

Count Two charges the defendant with knowingly transporting an individual who had not attained the age of eighteen years in interstate commerce with the intent that the individual engage in prostitution.

In order to prove a defendant guilty of transporting a minor for the purpose of prostitution, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly transported an individual in interstate commerce, as alleged in the indictment;

**Second**, the defendant transported the individual with the intent that the individual would engage in prostitution; and

**Third**, the individual who was transported was less than eighteen years old at the time of the acts alleged in the indictment.

I have already defined for you what interstate commerce means, including that transportation of a person across state lines for a commercial purpose occurs "in" interstate commerce.

For the offense charged in Count Two, it is irrelevant whether or not the individual consented to being transported or to traveling in interstate commerce for the purpose of prostitution, or otherwise voluntarily participated.   The consent or voluntary participation of the individual is not a defense to those charges.

"Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.

It is not necessary that the government prove that anyone actually engaged in prostitution after being transported across state lines; the offense is complete if the Government proves that the Defendant intended at the time of the interstate transportation that the victim would engage in prostitution.

_____

**Authority:**

Instruction 64-16, 3-64 Modern Federal Jury Instructions, Criminal P 64.04

Adapted from O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 60.03 (5th ed. 2000);

Cleveland v. United States, 392 U.S. 14, 20 (1946) ("guilt under the Mann Act turns on the purpose which motivates the transportation, not on its accomplishment," citing Wilson v. United States, 232 U.S. 563, 570-71 (1914));

United States. v. Lowe, 145 F.3d 45, 52 (1st Cir. 1998) (Consent is not a defense to Mann Act violation);

United States v. Footman, 215 F.3d 145 (1st Cir. 2000) (Mann Act violated if defendant caused someone to move or carry a person across state lines for purposes of prostitution).

## PRESUMPTION OF INNOCENCE:    PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality.    It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of the defendant.    The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crimes that he is charged with beyond a reasonable doubt.    The law does not require that the government prove guilty beyond all possible doubt; proof beyond reasonable doubt is sufficient to convict.    The burden never shifts to the defendant.    It is always the government's burden to prove each of the elements of the crimes charges beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.    The defendant has a right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.    On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied

beyond a reasonable doubt of the defendant's guilty of a particular crime, you should vote to

convict him.

_____

**Authority:**

Pattern Jury Instructions:   First Circuit, Criminal Cases Committee on Pattern Criminal Jury
Instructions §3.02 (1998 Edition); <u>United States v. Andujar</u>, 49 F.3d 16, 24 (1st Cit. 1995).

## <u>DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY</u>

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.    For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

_____

**Authority:**

Pattern Jury Instructions:    First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.03 (1998 Edition)

## **AIDING AND ABETTING (18 U.S.C. § 2)**

The defendant may be convicted of a substantive count (Counts One or Two) if he actually committed the crime or if he aided and abetted it.

To "aid and abet" means to intentionally help someone else commit a crime.   To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that someone else committed the crime.

Second, that the defendant consciously shared the other person's knowledge of the crime and intended to help the other person commit the crime.

Defendant need not perform the act necessary to commit the crime or be present when it is performed, or be aware of the details of its execution, to be guilty of aiding and abetting.   But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.   Mere presence at the scene of the crime and knowledge that the crime is being committed are also not sufficient to establish aiding and abetting.   But you may consider these among other factors.

_____

**Authority:**

Pattern Jury Instructions:   Adapted from Judge D. Brock Hornsby's 2009 Revisions to Pattern Jury Instructions for the District Courts of the First Circuit, §4.18.02(a)

## **PUNISHMENT**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence in your deliberations.    The duty of imposing sentence rests exclusively upon the court.    Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.    Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

_____

**Authority:**

Pattern Jury Instructions:   L.B. Sand, Modern Federal Jury Instructions:   Criminal, §9-1 (1990)