UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 12-10155-GAO

UNITED STATES OF AMERICA,
Plaintiff,

v.

MICHAEL GEMMA,
Defendant.

OPINION AND ORDER
August 27, 2020

O'TOOLE, S.D.J.

The petitioner, Michael Gemma, was convicted of one count of sex trafficking a child by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a) and one count of transporting a minor to engage in prostitution in violation of 18 U.S.C. § 2423(a). He was sentenced to concurrent terms of 240 months' imprisonment on each of these counts followed by five years of supervised release. His conviction was affirmed on direct appeal. Gemma now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He advances four grounds for relief, each of which is premised on claims of ineffective assistance of counsel.

Post-conviction relief pursuant to § 2255 is an extraordinary remedy that is available only if the defendant can make "a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Strickland v. Washington creates a strong presumption of reasonable professional assistance of counsel. 466 U.S. 668 (1984). To succeed on his claim, Gemma must show that his counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694; see also Harrington

v. Richter, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable.").

Gemma claims that he was prejudiced by several alleged errors on the part of his counsel. However, each of his proposed grounds for habeas relief fails for the same reason—Gemma was not prejudiced by his counsel's reasonable decision not to raise meritless arguments. This Court well recalls the vigorous defense effort mounted by his trial counsel. Additionally, the First Circuit already considered and rejected many of the arguments that Gemma raises on direct appeal. See United States v. Gemma, 818 F.3d 23 (1st Cir. 2016). Those arguments that the appellate court did not consider lack merit for substantially the reasons asserted by the government in its opposition to the present motion. (See Gov.'s Opp. to Pet. Filed Pursuant to 28 U.S.C. § 2255 at 8–14 (dkt. no. 286).)

Accordingly, Gemma's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (dkt. no. 266) is DENIED. His Motion for Discoverable Materials Pursuant to Rule 6 of the Rules Governing 28 U.S.C. § 2255 (dkt. no. 268), Motion for Leave to Amend or Otherwise File a Supplement to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 After Completion of Discovery (dkt. no. 269), and Motion Requesting an Evidentiary Hearing Pursuant to Petitioner's Motion Under 28 U.S.C. §2255 (dkt. no. 270) are also DENIED.

Because the petitioner has not "made a substantial showing of the denial of a constitutional right" no certificate of appealability shall issue. See 28 USC Sec. 2253(c)(1–2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge